IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JACOB L. FULTZ                   :        CIVIL ACTION
                                 :
       v.                        :
                                 :
JACOB C. ROTHERMEL, et al.       :        NO. 17-3237

MEMORANDUM

Bartle, J.                                         November 6, 2017

Plaintiff, a former Pennsylvania State Trooper, has brought this action against defendants, Jacob C. Rothermel, a Pennsylvania State Trooper, and Tyree C. Blocker, the State Police Commissioner, under 42 U.S.C. § 1983 for denial of his right to equal protection under the Constitution. Plaintiff also alleges a claim for tortious interference with contract under Pennsylvania law.

The defendants have filed a motion to transfer venue to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

It is undisputed that plaintiff as well as defendant Rothermel are residents of the Middle District of Pennsylvania while defendant Blocker is a resident of Chester County in the

Eastern District.  It is also conceded that all of the relevant events alleged in the complaint occurred in the Middle District.  In addition, the office of the plaintiff's counsel is in Mechanicsburg in Cumberland County in the Middle District while the Deputy Attorney General, the counsel for the defendants, has his office in Harrisburg in Dauphin County, also in the Middle District.

Since one of the defendants resides in the Eastern District of Pennsylvania and both defendants reside in the Commonwealth, venue is proper in this District under 28 U.S.C. § 1391(b)(1).  Venue is also proper in the Middle District not only under § 1391(b)(1) because one of the two Pennsylvania defendants resides there but also under § 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim[s] occurred" in that district.  The question before the court is simply whether defendants have established that it is appropriate to transfer the action to the Middle District under § 1404(a) and the admitted facts of the case.  The analysis is governed by the decision of our Court of Appeals in <u>Jumara v. State Farm Insurance Co.</u>, 55 F.3d 873, 879 (3d Cir. 1995).

The Court in <u>Jumara</u> outlined a series of private and public interests that the court should consider in deciding whether to transfer a case "for the convenience of the parties and witnesses, in the interest of justice."  The Court has

cautioned that in the process the "plaintiff's choice of venue should not be lightly disturbed." Id. at 879. Nonetheless, the plaintiff's choice is not dispositive, particularly where all other factors favor transfer. See, e.g., Askerneese v. NiSource, Inc., No. 12-7167, 2013 WL 1389750, at *2 (E.D. Pa. April 4, 2013).

We need not engage in a detailed discussion. Suffice it to say the relevant public and private interests set forth in Jumara strongly point to the transfer of the action to the Middle District of Pennsylvania. The plaintiff, one of the two defendants, and all of the relevant events occurred there. The one defendant who resides in the Eastern District of Pennsylvania has his office as Pennsylvania State Police Commissioner in the Middle District. The plaintiff's attorney is also located in that District. The only factor favoring denial of the motion to transfer is plaintiff's choice to sue here. With the scales tipping so far in favor of transfer, plaintiff's choice of forum is an insufficient reason under the circumstances to keep the case in this jurisdiction.

In sum, defendants have met their burden of proof. Accordingly, their motion for transfer of the action under § 1404(a) to the United States District Court for the Middle District will be granted.